UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA (PHOENIX)

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| CLASSIC STELLAR HOMES, INC. | ) | Case No. 2:09-bk-00149-RTB |
| | ) | |
| Debtor. | ) | **ORDER APPROVING STIPULATION** |
| | ) | **FOR RELIEF FROM THE** |
| | ) | **AUTOMATIC STAY BETWEEN BANK** |
| | ) | **OF ARIZONA AND THE CHAPTER 7** |
| | ) | **TRUSTEE** |
| | ) | |

This matter came before the Court pursuant to the <u>Stipulation for Relief From the Automatic Stay Between Bank of Arizona and the Chapter 7 Trustee</u> (the "Stipulation") entered into by and between Dale Ulrich, the duly appointed Chapter 7 Trustee (Trustee") and the Bank of Arizona, N.A. ("Bank of Arizona"), a secured creditor and party-in-interest in the above-captioned Chapter 7 case. The Court has reviewed the Stipulation and finding good cause therefor,

**IT IS HEREBY ORDERED:**

1. Approving and granting the Stipulation on the terms and conditions set forth therein;

2. Lifting the automatic stay of 11 U.S.C. § 362, and all other stays and injunctions, and permitting the Bank of Arizona to pursue all of its rights and remedies as a secured creditor in the real property commonly known as Lot 13, The Reserve at Tranquil Trail Unit 1, Carefree, Arizona 85377 (the "Real Property"), including noticing and conducting a trustee's sale of the Real Property, provided however that a trustee's sale will not be conducted until after June 30, 2009;

3. Extending the ability of the Bank of Arizona to complete its trustee's sale of the Real Property for a period of time not to exceed August 30, 2009, in the event that the Trustee enters into a purchase contract for the Real Property relating to a Qualified Offer before June 30, 2009 (a "Qualified Purchase Contract), which contract provides for closing to occur on or before August 30, 2009.

4. Authorizing the Bank of Arizona to enforce all of its rights and remedies with respect to the Real Property, including, without limitation, conducting a trustee's sale prior to August 30, 2009, in the event the Qualified Purchase Contract is terminated or the Trustee is not successful in obtaining a Bankruptcy Court Order authorizing the Trustee to close a sale pursuant to a Qualified Purchase Contract by the August 30, 2009 date.

5. Approving the agreement of the Trustee and the Bank of Arizona that, unless otherwise agreed to in writing by the parties, any commission earned from the sale of the

302704-TEL-22862-0001

Real Property by any real estate broker or other professional employed by the Trustee may only be paid out of surplus proceeds after the Bank of Arizona's claim has been paid in full and any surcharge that may be requested by the Trustee to be assessed with respect to the Real Property will be paid only from the surplus proceeds after the Bank of Arizona's claim has been paid in full. In the event that the Bank of Arizona rejects an offer to purchase the Real Property from a buyer procured by the Trustee's realtor and the Bank of Arizona subsequently completes a sale of the Real Property to the same buyer for substantially the same price in the offer and within six (6) months of such rejection, the Bank of Arizona shall pay the Trustee's realtor from the proceeds of the sale the amount the Trustee's realtor agreed to receive at the time such offer was rejected by the Bank of Arizona, except that such amount shall not exceed six percent (6%) of the sales price.

6. This Order shall be served to all parties entitled to receive notice under Local Rule 4001-1(c)(2). If no written objection to this Order is filed with the Court and served on counsel for the Bank of Arizona and trustee within fifteen (15) days of the date of this Order, this Order will become the final Order of the Court with respect to these issues without the need for further notice or hearing. If an objection to this Order is timely filed, this Order will remain effective in all respects pending a resolution of any objection by the Court.

DATED AND SIGNED AS INDICATED ABOVE.

302704-TEL-22862-0001